IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-79,336-02




EX PARTE KEITH EARL JONES, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 30095-B
                         IN THE 3RD DISTRICT COURT FROM ANDERSON COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while
intoxicated and sentenced to sixty years’ imprisonment. The Sixth Court of Appeals affirmed his
conviction. Jones v. State, No. 06-11-00016-CR (Tex. App.–Texarkana December 2, 2011).
            Applicant contends, inter alia, that his trial counsel rendered ineffective assistance by: failing
to inform him that the State filed an intent to enhance Applicant to the habitual punishment range,
causing him to reject an eight year plea bargain; failing to object to the State’s argument and
proffered testimony on retrograde extrapolation to show that Applicant was above the legal limit of
blood alcohol content at the time of the crash; and failing to object to the lab report listing his blood
alcohol content because the lab technician who produced the report did not testify at trial. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant’s claim of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings as to whether counsel informed Applicant that the State
intended to bring forth enhancements after such notice was filed. The trial court shall make findings
as to whether Applicant knew that due to his prior felony convictions, he could be facing habitual
punishment. The trial court shall make findings as to whether retrograde extrapolation testimony
was given and if so, whether counsel objected, and if not, why not. The trial court shall also make
findings as to if such testimony was given, whether it influenced the jury’s verdict. The trial court
shall make findings as to whether a forensic lab report was entered into evidence without the proper
foundation, and if so, whether counsel objected. The trial court shall make findings of fact and
conclusions of law as to whether the performance of Applicant’s trial counsel was deficient and, if
so, whether counsel’s deficient performance prejudiced Applicant. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
 
Filed: July 24, 2013
Do not publish